# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. RUDOLF H. HENDEL and DR. CATHERINE GEI-INN LIN-HENDEL, | Case No. 23–cv–03956–ESK–EAP |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| K.R. DUPUIS, *et al.*, | |
| Defendants. | |

**THIS MATTER** having come before the Court on plaintiffs Rudolf H. Hendel, Ph. D. and Catherine Lin-Hendel, Ph. D.'s letter concerning pending motions to dismiss (ECF No. 58); and the Court finding:

1. Plaintiffs filed an emergent petition seeking to "[s]tay … the unlawful looting of [their] home through the fraudulently obtained 1/04/2023 Sheriff's Sale," which included references to state-court and bankruptcy proceedings. (ECF No. 1.) Plaintiffs later filed a "Civil Rights Violations and RICO Crimes COMPLAINT," styled more traditionally as a complaint, alleging assault of property rights, bad faith, fraud, slander, and defamation also related to a foreclosure, sheriff's sale, and related proceedings. (ECF No. 11.)

2. Following reassignment of this case to me (ECF No. 25), I permitted defendants to file motions to dismiss (ECF No. 27). Eight motions to dismiss, all currently pending, followed. (ECF Nos. 29, 30, 37, 38, 41, 42, 47, 48.) I noted in an August 8, 2024 text order that plaintiffs had failed to file any opposition to the motions. (ECF No. 51.) I later learned that defendants Chubb Insurance Company of New Jersey and Great Northern Insurance Company (Chubb Defendants) failed to provide plaintiffs with notice of their motion to dismiss until after the motion date. (ECF Nos. 52, 56.) I provided plaintiffs leave to file an opposition to Chubb Defendants' motion to dismiss and directed plaintiffs to confer with counsel for other defendants for leave to file belated oppositions to the other pending motions. (ECF Nos. 55, 57.) The pending letter followed. (ECF No. 58.).

3. Plaintiffs represent that Lin-Hendel has suffered multiple serious health issues in recent months and is still recovering. (*Id.* p.3.) Plaintiffs'

application for a hardship stay of their eviction was unsuccessful and they were evicted from the subject property on August 22, 2024. (*Id.* pp. 2, 3.) A consequence of their eviction is that they no longer have access to their legal materials still located in the property and thus cannot use them to defend against the pending motions to dismiss. (*Id.* p. 5.) They request "that this Court vacate all the criminally fraudulent Foreclosure, Sheriff's Sale and Eviction, and grant Plaintiffs a 6-months leave to continue to prosecute this Complaint." (*Id.* p. 7.)

4. "The *Rooker-Feldman* doctrine prevents district courts from mistakenly relying on their original jurisdiction to engage in appellate review of state-court orders." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023). The doctrine applies when the federal plaintiff lost in a state-court judicial proceeding, the state-court judgment was rendered prior to the filing of the federal action, the federal plaintiff seeks review and rejection of the state-court judgment, and the federal plaintiff complains of injuries caused by the state-court judgment. *Id.*

5. District Judge Zahid N. Quraishi entered an order in response to plaintiffs' original emergent petition directing plaintiffs to show cause "why their claim should not be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine" insofar as they appeared to seek relief from a state-court foreclosure order. (ECF No. 10 p. 2.) Plaintiffs responded that the *Rooker-Feldman* doctrine is inapplicable when the preceding judgment is procured by fraud. (ECF No. 13 p. 6.) Judge Quraishi did not enter a subsequent order before this matter was reassigned to me.

6. A review of the pending motions to dismiss indicates that the applicability of the *Rooker-Feldman* doctrine will be a matter to be decided by ongoing motion practice. Without prejudging those motions, I find that the *Rooker-Feldman* doctrine counsels against my granting of plaintiffs' freestanding request to vacate the foreclosure and subsequent sheriff's sale and eviction. *See Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that Otto's complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the *Rooker-Feldman* doctrine bars the suit.").

7. I further deny plaintiffs' request for a six-month stay of the case. I acknowledge the hardships plaintiffs have and continue to face but note that their oppositions to dismissal—with the exception of the Chubb Defendants' motion—were due prior to their eviction. If plaintiffs wish to file belated oppositions to the pending motions to dismiss, they are again directed to confer with defendants' counsel on a briefing schedule. (ECF No. 55.) If the parties

2

cannot agree to extensions and a related briefing schedule, plaintiffs may seek extensions from the Court by filing a written request and proposed briefing schedule.   (*Id.*)

Accordingly,

    **IT IS** on this **30th** day of **August 2024**   **ORDERED** that:

  1.   Plaintiffs' request to vacate foreclosure, sheriff's sale, and eviction and for a six-month leave is DENIED.

  2.   Counsel for the Chubb Defendants are directed to serve a copy of this letter by e-mail to plaintiffs at the addresses provided in their letter.   (ECF No. 58.)

  3.   Plaintiffs are directed to provide the Court with updated contact information for future correspondences and receipt of filings.

           */s/ Edward S. Kiel*
           **EDWARD S. KIEL**
           **UNITED STATES DISTRICT JUDGE**